*In The*

# United States Court of Appeals
## *For The Fourth Circuit*

**GRACE OCEAN PRIVATE LIMITED and SYNERGY MARINE PTE, LTD,**

*Petitioners – Appellees,*

v.

**UNITED SOURCE ONE, INC,**

*Claimant - Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AT BALTIMORE**

---

**BRIEF OF APPELLANT**

---

Steven N. Leitess
Pierce C. Murphy
SILVERMAN, THOMPSON, SLUTKIN & WHITE
400 East Pratt St., Suite 900
Baltimore, Maryland 21201
(410) 385-2225

*Counsel for Appellant*

# TABLE OF CONTENTS

DISCLOSURE STATEMENT ................................................................1

JURISDICTIONAL STATEMENT ........................................................2

STATEMENT OF ISSUES...................................................................3

STATEMENT OF THE CASE ..............................................................3

SUMMARY OF ARGUMENT................................................................7

ARGUMENT .....................................................................................8

    A.  Standard of Review ..............................................................8

    B.  The District Court Erred by Applying a "Compelling
        Circumstances" Test to the Motion for Leave. ...............9

    C.  The District Court Abused its Discretion by Denying the Motion
        When Unrebutted Evidence Satisfied the *Texas Gulf* Test .........10

    a.  Appellant Established an Adequate Reason for Late Filing.........11

    b.  The Court Erred by Finding Only Speculative Prejudice. ............12

CONCLUSION ................................................................................14

CERTIFICATE OF COMPLIANCE.....................................................16

CERTIFICATE OF FILING AND SERVICE .........................................17

# TABLE OF AUTHORITIES

## Cases

*Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396 (7th Cir. 2001) ................................................................................. 10, 12

*Golnoy Barge Co. v. M/T SHINOUSSA,* 980 F.2d 349 (5th Cir. 1993) ...8, 14

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) ......................................................................................... 9, 10

I*n re Lett*, 238 B.R. 167 (Bankr. W.D. Mo. 1999) ..................................... 9

*In re World Tradeways Shipping, Ltd.*, 1966 WL 146845, at *1 (S.D.N.Y. Nov. 21, 1966) ...................................................................................... 10

*Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368 (5th Cir.1990) .................... 8

*Mendez v. City of Gardena*, 222 F. Supp. 3d 782 (C.D. Cal. 2015) .......... 9

*Nicholson v. Durant*, 162 F.4th 417 (4th Cir. 2025) ................................ 8

*Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346 (4th Cir. 2014) .......... 9

*Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963) .................................................................... 8, 11, 12, 14

*United States v. D'Angelo*, 110 F.4th 42 (1st Cir. 2024) ......................... 9

## Rules

Supplemental Rule F(4) ........................................................................ 9, 10


## Statutes

28 U.S.C. § 1292 ...................................................................................... 2, 3
28 U.S.C. § 1331 ......................................................................................... 2
46 U.S.C. §§ 30501, *et seq* ......................................................................... 2

DISCLOSURE STATEMENT

Appellant, United Source One, Inc. ("Appellant), is a Maryland corporation. Appellant is not publicly traded, has no parent corporation, and has no stock owned by any publicly traded entity. According to its January 29, 2026 Disclosure Statement [Doc. 6] Petitioner-Appellee Synergy Marine PTE, LTD, as Manager of the M/V Dali ("Synergy") is 100% owned by Synergy Group Holdings, Ltd., a limited company established in Jersey, UK. Synergy Group Holdings Ltd. is not publicly traded, nor are any of its affiliates. The Britannia Steam Ship Insurance Association Europe provides protection and indemnity coverage to Synergy pursuant to its rules. According to its January 29, 2026 Disclosure Statement [Doc. 5] Petitioner-Appellee Grace Ocean Private Limited, as Owner of the M/V Dali ("Grace Ocean" and together with Synergy, "Appellees" or "Petitioners") is 100% owned by Grace Ocean Investment Limited, a limited company incorporated in the British Virgin Islands. Grace Ocean Investment Limited is not publicly traded, nor are any of its affiliates. The Britannia Steam Ship Insurance Association Europe provides protection and indemnity coverage to Grace Ocean pursuant to its rules. No publicly owned corporation has a direct

financial interest in this litigation. This appeal does not arise from a bankruptcy proceeding or a criminal proceeding, and no party to this appeal is a trade association.

## JURISDICTIONAL STATEMENT

Petitioners initiated the underlying admiralty proceedings by filing their Petition for Exoneration from or Limitation of Liability (the "Petition") (JA 211) in the United States District Court for the District of Maryland, Northern Division (the "District Court"). The District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), as the Petition seeks limitation of liability provided by 46 U.S.C. §§ 30501, *et seq.*, as supplemented and amended (the "Limitation Act") and other admiralty relief.

The District Court entered its Memorandum and Order (the "Opinion") (JA 270) on December 12, 2025, which denied Appellant's Motion for Leave to Late-File an Answer and Claim (the "Motion for Leave"), constituting an appealable interlocutory decision in admiralty pursuant to 28 U.S.C. § 1292(a). Appellant timely noted its appeal from the Opinion on January 9, 2026 by filing its Notice of Appeal with the

District Court. Accordingly, this Court possesses jurisdiction over this appeal pursuant to 28 U.S.C. § 1292.

## STATEMENT OF ISSUES

I. Did the District Court err as a matter of law by applying a "compelling circumstances" test to the Motion for Leave when Supplemental Admiralty Rule F(4) requires only "cause shown" for such relief?

II. Did the District Court abuse its discretion in denying the Motion for Leave without finding actual prejudice and despite Appellant's unrebutted evidence establishing cause?

## STATEMENT OF THE CASE

On March 26, 2024, the containership M/V Dali (the "Vessel") allided with the Francis Scott Key Bridge ("Key Bridge") leaving Baltimore Harbor. (JA 212-215). The Vessel and certain cargo were damaged, and the Key Bridge was destroyed. (JA 215). Appellant is a leading exporter of quality foods to the Middle East and across the globe. (JA432). At the time of the Vessel's allision, it carried among other things, two shipping containers holding US1's dry food products and one shipping container containing US1's frozen beef products (the contents of the 3 shipping containers are collectively referred to as the "US1 Cargo"). (Id.) The value of the US1 Cargo at the time of the allision was $503,400.63. (Id.)

3

Appellees filed their Petition on April 1, 2024. (JA211). Later that day, the District Court entered a Restraining Order and Order for Issuance of Notice that Claims be Filed (JA226) (the "Restraining Order"). The Restraining Order directed Appellees to give notice to all persons asserting claims with respect to the Petition and admonishing all persons asserting claims to file their respective claims with the Clerk of District Court on or before September 24, 2024. (Id.) The District Court later extended the deadline until November 22, 2024 (JA486). US1 did not receive notice of the Restraining Order from Petitioners and the claim deadline therein before that deadline had passed. (JA433). At the time of the allision, US1 was the insured under a Marine Cargo Policy (the "Policy") issued by Tokio Marine America Insurance Company ("Tokio"). (Id.)

On or about April 1, 2024, US1 promptly notified Tokio of its claim under the policy with respect to the US1 Cargo ("US1 Claim"). (JA433.) Tokio responded by purporting to undertake an investigation of the US1 Claim. (Id.) Tokio did not, however, notify US1, its insured, of the Restraining Order or the claims deadline. (Id.) US1 believed and acted in good faith under the assumption that Tokio would fairly and

appropriately protect and compensate its insured. (Id.) In its decades of international exports, US1 had never before faced a maritime loss of this scope and complexity. (Id.).

Tokio's alleged investigation of the US1 claim continued until December 6, 2024, when Tokio denied coverage of the US1 Claim. (JA433). During Tokio's alleged investigation, the M/V Dali and its cargo, including the US1 Cargo, were transported to Norfolk, Virginia. (Id.) US1 was unable to take possession of the US1 Cargo or deliver it to its customers because of the passage of time while all cargo was detained, and the deteriorated conditions on the damaged vessel substantially compromised the quality and thus the economic value of the food products that were the US1 Cargo. (JA433-434). Despite this, US1 was able to partially mitigate its damages with respect to a portion of the US1 Cargo by, among other things, selling certain portions thereof at a discount and otherwise providing incentives at its own expense to potential buyers of the same. (JA434). US1 also incurred expenses in the amount of $19,736.58 in connection with recovering the US1 Cargo from Norfolk, VA so that it could be potentially sold at a discount. As a result,

the remaining loss to US1 in connection with the US1 claim is approximately \$370,363.00. (Id.)

While Tokio's purported investigation of the US1 Claim was pending, and despite that Tokio did not notify US1 of the Restraining Order or the District Court's claims deadlines, a group of insurers and insureds called the "Cargo Claimants" submitted their Answer and Counterclaims on November 22, 2024 (JA434). This filing included claimants insured by the Tokio family of companies but excluded the US1 Cargo Claim. Tokio did not advise US1 that its other insureds' claims had been filed but not US1's claims. (Id.).

Tokio provided an initial declination of coverage letter to US1 on December 5, 2024. Following the initial declination, US1 retained counsel to 1) engage with Tokio with the purpose of convincing Tokio to grant coverage and 2) engage with the Cargo Claimants' counsel to request that the US1 Claim be included with those claims. US1 reasonably believed these actions would afford it relief without incurring undue expense or compounding this litigation. (JA434).

Unfortunately, while negotiations with Tokio continued into 2025, US1 ultimately was unable to get Tokio to provide meaningful coverage of the US1 Claim.[1] (JA434).

US1 relied in good faith on its reasonable beliefs that Tokio either would provide coverage or would include the US1 Claim with its other insured's claim as a Cargo Claimant. The US1 claim arises from identical facts and circumstances – the M/V Dali's allision with the Key Bridge and subsequent developments – as the claims of the Cargo Claimants. (JA436).

On November 5, 2025, Appellant filed its Motion for Leave, as well as proposed Claim and Answer. (JA422-446). The District Court entered its Opinion on December 12, 2025, denying the Motion for Leave. Appellant timely noted its appeal from the Opinion on January 9, 2026. This appeal follows.

## SUMMARY OF ARGUMENT

---

[1] Tokio acknowledged "Trade Disruption Coverage" in the amount of $25,000.00, which was paid to US1 in the summer of 2025. However, this coverage excluded the much larger portion of US1's loss that is the subject of US1's motion to allow claim. (JA434).

The District Court erred in denying the Motion for Leave because 1) it applied an incorrect and overly strict "compelling circumstances" standard rather than the "cause" standard supplied by Supplemental Rule F(4), and 2) it incorrectly applied the three part test under *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963) to the undisputed facts before it.

## ARGUMENT

### A.    Standard of Review

When reviewing the denial of a motion to enlarge a claim deadline under Supplemental Admiralty Rule F(4), "[t]he appellate standard of review is abuse of discretion. *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 371 (5th Cir.1990). The district court's decision must be 'sound,' and not 'arbitrary.' *In Re: Oil Spill by the Amoco Cadiz*, 1982 A.M.C. 1233, 1240 (7th Cir.)." *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993). Thus, "[a] district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025) (citation omitted).  "Reversal is required when a district court has applied

an 'incorrect [legal] standard[ ]' that 'may ... have influenced its ultimate conclusion.' *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)." *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 368 (4th Cir. 2014).

B.   <u>The District Court Erred by Applying a "Compelling Circumstances" Test to the Motion for Leave.</u>

At the outset of its Opinion, the District Court correctly observed that "Rule F(4) also authorizes the Court to permit the late filing of a claim after the monitions period 'for cause shown.'" (JA487). However, instead of applying this standard, the District Court concluded that "US1's Motion fails to identify **compelling circumstances militating in favor of its motion**." (JA494; emphasis added). A "compelling circumstances" test is found nowhere in Supplemental Rule F(4), but courts applying similar standards in other contexts recognize it is a high bar. *See, e.g., United States v. D'Angelo*, 110 F.4th 42, 49 (1st Cir. 2024) (extraordinary and compelling circumstances test for compassionate release is "narrow" and "stringent"); *Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 791 (C.D. Cal. 2015) ("compelling reasons" needed to overcome "strong presumption favoring" access to court records); *In re Lett*, 238 B.R. 167, 195 (Bankr. W.D. Mo. 1999), subsequently aff'd, 1 F.

App'x 599 (8th Cir. 2001) ("retroactive relief [from the automatic stay under 11 U.S.C. 362] is an extraordinary remedy and should generally be granted in only unique or compelling circumstances"). Under Supplemental Rule F(4), however, "the 'cause' required in this context is minimal; an explanation rather than a justification for the delay will suffice." *Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001). This standard is lower even than a "good cause" standard, and "showing that no party will be prejudiced by permitting an extension, even with a weak showing of excusable neglect, is sufficient." *In re World Tradeways Shipping, Ltd.*, 1966 WL 146845, at \*1 (S.D.N.Y. Nov. 21, 1966). The District Court, therefore, erred by requiring a high "compelling circumstances" standard when the law requires a low "cause show" standard. This alone requires reversal, because the "District Court's application of these incorrect standards may well have influenced its ultimate conclusion[]." *Harris v. Forklift Sys., Inc.*, 510 U.S. at 23.

C.  <u>The District Court Abused its Discretion by Denying the Motion When Unrebutted Evidence Satisfied the *Texas Gulf* Test</u>

The District Court's error in applying the wrong standard to the Motion for Leave was compounded by its failure to properly apply the

relevant test to the facts before it.  The District Court correctly recognized that the leading test, established in *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963), requires courts to "consider (1) whether granting the motion will prejudice the rights of other parties; (2) whether the movant has provided a reason for the late filing; and (3) whether the limitation proceeding is pending and unresolved." (JA489). While the Court found the third factor was met as "the limitation proceeding is pending and resolved" (*Id.*), it erroneously found that Appellant had "not provided an adequate reason for its tardiness and permitting it to file may prejudice Petitioners' rights in this action. (*Id.*)

### a. Appellant Established an Adequate Reason for Late Filing.

The District Court found that Appellant failed to provide "an adequate reason for its delay." (JA490).  This conclusion flatly contradicts the Court's observation that it "takes [Appellant's] assertion that it was unaware of the filing deadline at face value[]" (Id.) and ignores that the undisputed record before the Court also established that the delay also arose because Appellant "relied in good faith on its reasonable beliefs that Tokio would either provide coverage or would include the US1 claim with its other insured[s'] claims[s] as a Cargo Claimant." (JA435).  Either of

11

these grounds alone, and certainly both together, clear the low bar because the "'cause' required in this context is minimal; an explanation rather than a justification for the delay will suffice." *Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d at 397. And, "[w]hen a claimant shows cause, courts must freely grant permission to file late claims so long as the limitation proceeding is ongoing and the late claim will not prejudice other parties." (*Id.*, cleaned up and emphasis added). Thus, given that Appellant met the first factor with unrebutted evidence on two distinct grounds, the District Court erred by finding Appellant did not meet the "minimal" cause required.

### b. The Court Erred by Finding Only Speculative Prejudice.

As the District Court acknowledged, the *Texas Gulf* factor requiring the limitation proceeding to pending and unresolved was met (JA289). Thus, assuming that Appellant provided adequate reasons for Appellant's delay, the District Court should have "freely grant[ed]" leave provided "the rights of the parties are not adversely affected[.]" *Texas Gulf Sulphur Co.* 313 F.2d at 362. The District Court did not identify any concrete harm but instead concluded "permitting [Appellant] to file may prejudice Petitioners' rights in this action." (JA489). Indeed, while the

12

District Court recognized Appellant's "assertion that 'it is identically situated with the other cargo claimants on the question of Petitioners' liability and allowing [its claim] will therefore have no effect whatsoever on discovery and litigation regarding Petitioners' liability." (JA492), it concluded there was a "risk of potential prejudice" without saying what that risk, or that prejudice may be. The District Court then compounded its error by including in its prejudice discussion the danger of "set[ting] a bad precedent" despite that a bad precedent is not prejudice to the parties to the current case. (Id.) No parties to the proceeding below other than Appellees opposed Appellant's Motion for Leave, and the prejudice Appellees asserted was "diversion of attention and resources" from preparation for the liability trial" despite that Appellant would be "identically situated" with the other claimants at such a proceeding. Thus, the prejudice and harm to Appellant–which are certain if the District Court's ruling stands–is greater than the merely conjectural injury asserted by Appellees.

The District Court, therefore, erred by finding prejudice where none existed and by conflating potential prejudice and dangerous precedent with the notional concern regarding adverse effects "on the rights of the

13

parties" articulated by the Court in *Texas Gulf Sulphur Co.*, 313 F.2d at 362. Failure to properly apply the Texas Gulf factors itself constitutes reversable error. *See, e.g., Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993) ("The reasons assigned by the district court for denying appellants' late claims do not reflect a consideration of the Texas Gulf criteria summarized above. We conclude that we must vacate the district court's order and remand this case to the district court to reconsider its ruling under the test we established in Texas Gulf."). The District Court's decision should be vacated for failing to properly apply the Texas Gulf factors even after determining they controlled.

## CONCLUSION

For the foregoing reasons, this Court should reverse the decision of the District Court and remand with instructions to grant Appellant's Motion for Leave.

Dated: March 11, 2026     Respectfully submitted,

__/s/ Steven N. Leitess__

Steven N. Leitess (Bar No. 05856)
Pierce C. Murphy (Bar No. 30030)
SILVERMAN THOMPSON SLUTKIN WHITE
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Tel: (410) 385-2225
Fax: (410) 547-2432
sleitess@silvermanthompson.com
pmurphy@silvermanthompson.com

*Counsel for Appellant*

<u>CERTIFICATE OF COMPLIANCE</u>

1.  This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains 2,683 words.

    [ ] this brief uses a monospaced type and contains [state the number of] lines of text.

2.  This brief document complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using Microsoft Word  in 14pt Century; *or*

    [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  <u>April 24, 2026</u>          <u>/s/ Steven N. Leitess</u>
                                       Steven N. Leitess (Bar No. 05856)

                                       *Counsel for Appellants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 24th day of April, 2026, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the Court's CM/ECF system, which will serve it upon all properly registered counsel of record.

Dated: <u>April 24, 2026</u>     <u>  /s/ Steven N. Leitess</u>
Steven N. Leitess (Bar No. 05856)

*Counsel for Appellant*